UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES EDWARD LEE                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:07cv224 DPJ-JCS

HALEY BARBOUR, GOVERNOR, ET AL.                                                      DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of Defendant International Paper Co.'s Motion to Dismiss Plaintiff's Amended Complaint [58]; Defendants Chevron USA, Inc., Texaco Exploration & Production, Inc., and Chevron Corp.'s Motion to Dismiss Plaintiff's Amended Complaint [62] and Motion to Dismiss Plaintiff's Second Amended Complaint [70]; Defendant Halliburton's Motion to Dismiss Plaintiff's Amended Complaint [65] and Motion for Summary Judgment [72]; Defendant Spooner Petroleum Co.'s Motion for Summary Judgment (joined by Defendant International Paper Co.) [91] and Motion for Sanctions and Injunctive Relief [100]; Plaintiff's two motions for a hearing, [78] and [86]; and Plaintiff's Motion to Take Judicial Notice [87].

In very general terms, *pro se* plaintiff James Edward Lee claims that Defendants trespassed upon his ancestral land and converted its natural resources. Having considered the parties' submissions and relevant authorities, the Court finds that Plaintiff has failed to demonstrate an ownership interest in the disputed land and that his claims are otherwise barred by applicable statutes of limitations. Accordingly, Defendants International Paper Co. ("International Paper"), Spooner Petroleum Co. ("Spooner"), and Halliburton's motions for summary judgment should be granted. Additionally, the motion to dismiss of Defendants

Chevron USA, Inc., Texaco Exploration & Production, Inc., and Chevron Corp. (collectively "Chevron") should be granted.  Plaintiff's motions for a hearing and motion to take judicial notice are denied, and Defendants' motion for sanctions and injunctive relief are denied.

## I.     Facts/Procedural History

Plaintiff asserts ownership of several tracts of land in Jasper County, Mississippi.  The property at issue is described as:

**TOWNSHIP 2 NORTH, RANGE 13 EAST**
**FIRST JUDICIAL DISTRICT, JASPER COUNTY, MISSISSIPPI**

Section 33:   South 1/2 of the Northeast 1/4; and the Northwest 1/4 of the Northeast 1/4 ("the Section 33 Property");

Section 34:   Northeast 1/4 of the Southwest 1/4; and the South 1/2 of the Northeast 1/4; and the Southeast 1/4 of the Northwest 1/4; and the East 1/2 of the Southwest 1/4 of the Northeast 1/4 ("the Section 34 property");

**TOWNSHIP 1 NORTH RANGE 13 EAST**
**FIRST JUDICIAL DISTRICT, JASPER COUNTY, MISSISSIPPI**

Section 4:    North 1/2 of Northeast 1/4 ("the Section 4 property").

Plaintiff claims that Defendants Spooner, Halliburton, and Chevron all trespassed on the Section 33 property by drilling and maintaining oil wells thereon without remitting royalty payments to Plaintiff.  With regard to Sections 34 and 4, Plaintiff asserts that in 1963, International Paper converted the properties for its own use, wrongfully acquired the related mineral rights, and unlawfully harvested trees.  The current motions raise a fundamental question–does Plaintiff have any ownership interest in the subject properties.  To answer that question, the parties have submitted a voluminous record, consisting primarily of tax records, property deeds, and oil and gas leases.  These documents reflect the following history.

A. <u>The Section 33 Property</u>

In 1932, a land roll listed Will Vaughn as the owner of the Section 33 property. Nearly twenty years later, disagreement arose among various families over the ownership of the property. Among the interested parties were Plaintiff's ancestors, who claimed to have inherited the property through an alleged common law marriage. The dispute eventually led the Vaughn family to file a petition to quiet title in the Chancery Court of Jasper County, Mississippi. That legal battle remained unresolved, however, when Getty Oil began its efforts to operate Melvin #1 well, 33-7. There is no dispute that between 1968 and 1972, Getty Oil entered into 23 separate mineral leases for this same property with various families. Five of the leases were with members of the Lee family, including Plaintiff's grandfather Eddie Lee. Spooner maintains that Getty Oil obtained these leases as protection leases because the true owners had not yet been determined; there is nothing in the record to suggest otherwise.

The land dispute initiated in Jasper County eventually found its way to the Mississippi Supreme Court, which, in 1975, affirmed the chancellor's holding that the Lee family had no ownership interest in the Section 33 property. *Vaughn v. Sharp*, 321 So. 2d (Miss. 1975) (unpublished opinion).

Texaco Producing, Inc. replaced Getty Oil as the operator of the Melvin #1 well in 1985, and the well was plugged on March 26, 1990. Another well, VLSU Melvin, was spudded on October 29, 1994. Records from 1999 and 2000 indicate that both Spooner and Halliburton provided services on wells located on the Section 33 property.

B.  The Section 34 Property

Considerably fewer records reference the Section 34 property. In 1910, Sie Lee, Plaintiff's great-grandfather, executed a deed of trust listing the Section 34 property as collateral. This document appears to be Plaintiff's primary basis for claiming ownership. However, in 1915, a property assessment showed that Sie Lee had no property taxed, and there are no documents suggesting an ownership interest in the property after 1910.

Although there are no documents connecting the Lee family to this parcel after 1910, other documents demonstrate that title passed through various other property owners. On February 22, 1963, C.M. Hall transferred the Section 34 property to Hall Brothers, Co. by way of warranty deed. This deed was executed three days after Plaintiff claims Defendant International Paper wrongfully converted the property and its mineral rights. Masonite Corp. conveyed the Southeast 1/4 of the Northeast 1/4 of the Section 34 property, along with all of the Section 4 property, to Timber Realization Co. in 1982, although Masonite reserved the mineral rights. Furthermore, a map provided by Plaintiff, which is alleged to be from 1993, shows that the Section 34 land was owned by Hall Brothers Co. at the time.

C.  The Section 4 Property

Gilbert Lee, Plaintiff's great-great uncle, executed a deed of trust on March 14, 1923, listing the Section 4 property as collateral. The record also contains an undated complaint filed by Masonite Corp. to quiet title to certain land in Mississippi. Although Plaintiff submitted this document, it tends to show that the Federal Land Bank of New Orleans foreclosed on the Section 4 property in 1931. Masonite Corp.'s complaint further alleges that it purchased the Section 4

property from the Federal Land Bank of New Orleans in either 1935 or 1937.[1]  As stated above, Masonite Corp. conveyed the Section 4 property to Timber Realization Co. in 1982.

    D.    Contemporary History

The current wave of litigation over these properties began in 2005, when Plaintiff filed a complaint in the Chancery Court of Hinds County, Mississippi, alleging that several administrative entities of the State of Mississippi conspired to steal his land in Jasper County.  This complaint was dismissed December 5, 2005.  Plaintiff filed an amended complaint in the same court in April 2006, adding Spooner, International Paper, and Halliburton as defendants.  The defendants removed the case to this Court May 2, 2006, where it was dismissed without prejudice on procedural grounds.  Plaintiff then filed the current action April 24, 2007, naming Governor Haley Barbour, other state actors, and the corporate defendants.  On September 26, 2007, the Court heard oral argument and dismissed Governor Barbour and the state actors, leaving as defendants Spooner, International Paper, Halliburton, and Chevron.  The Court also ordered Plaintiff to file an amended complaint that more clearly stated his claims.

## II.    Analysis[2]

    A.    Jurisdiction and Venue

At the outset, the Court notes that its dismissal of the state actors obviated Plaintiff's federal law claims.  However, the Court possesses the discretion to retain jurisdiction of the remaining state law claims pursuant to 28 U.S.C. § 1367.  *See Smith v. Amedisys Inc.*, 298 F.3d

---

[1] The document features a typeover, which makes it difficult to determine whether the "5" or the "7" is correct.

[2] The parties' briefs raise issues not addressed in this opinion.  While additional defenses appear meritorious, full analysis is unnecessary in light of the Court's decision.

434, 446 (5th Cir. 2002). While § 1367(c) gives district courts the ability to decline jurisdiction, a court may retain jurisdiction over pendent state claims to further the interests of judicial economy, fairness, convenience, and comity. *Amedisys*, 298 F.3d at 447. In this case, Defendants have now responded to Plaintiff's various complaints on three occasions, and this Court has already spent considerable time studying this voluminous record. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 228 (5th Cir. 1999) ("The familiarity of the district court with the merits of the . . . claims demonstrates that further proceedings in the district court would prevent redundancy and conserve scarce judicial resources . . . ."). The remaining state law claims do not present novel or complex issues that would be better heard in state court, and retaining jurisdiction avoids unnecessary expense and delay. Therefore, the Court retains jurisdiction over Plaintiff's state law claims. Finally, venue is proper in this district because it encompasses the disputed land. 28 U.S.C.A. § 1391(b).

    B.    <u>Applicable Standards</u>

Defendants Spooner, Halliburton and International Paper have all filed motions for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. Chevron moves for dismissal under Rule 12(b)(6). The standards under these rules are as follows.

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Instead, when the movant shows the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. "Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir.1990) (citing 10A Wright & Miller, Federal Practice and Procedure, § 2727, at 156 (1983)). Thus, for example, a party cannot resist summary judgment by submitting unauthenticated documents or hearsay. *See Cruz v. Aramark Servs., Inc.*, 213 F.App'x 329, 332-33 (5th Cir. 2007) (holding that unauthenticated letters are not proper summary judgment evidence); *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) (holding that newspaper articles constitute hearsay and are not proper summary judgment evidence). When

contradictory facts do exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc*., 530 U.S. 133, 150 (2000).[3]

Chevron seeks dismissal under Rule 12(b)(6), claiming that Plaintiff has failed to state a claim upon which relief can be granted.  Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks, citations, and footnote omitted).  "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1966) (internal quotation marks omitted)).

As discussed below, Plaintiff cannot withstand either burden.  Although Plaintiff's ancestors may have had some interest in the disputed property, any such interest long since

---

[3]The Court must note that Plaintiff is proceeding pro se and has submitted a record that is largely inadmissible under the Federal Rules of Evidence.  Nevertheless, the Court has studied all of Plaintiff's submissions and concludes that his evidence, even if considered, would not change the outcome.

expired, and the window for challenging ownership has now closed. Although heartfelt, Plaintiff's claims fall well short of demonstrating a genuine issue for trial.

    C.    <u>Motions Regarding Section 33 Property</u>

        1.    *Spooner and Haliburton's Motion for Summary Judgment*

Plaintiff claims that Spooner and Haliburton trespassed on this property by drilling and maintaining wells and that they further failed to remit royalty payments. Unfortunately for Plaintiff, the ownership of the Section 33 property was previously adjudicated, and his current claims are therefore precluded.

According to the Restatement (Second) of Judgments: "A judgment in an action that determines interests in real or personal property . . . *[h]as preclusive effects upon a person who succeeds to the interest of a party to the same extent as upon the party himself.*" § 43 (1983). Here, the Mississippi Supreme Court ruled in 1975 that the Lee family had no ownership interest in the Section 33 land. *See Vaughn v. Sharp, supra.* Lee has no proof of ownership after 1975, and the ruling has preclusive effect. The successors in interest to the Lee family litigants in *Vaughn v. Sharp* may not relitigate this issue. *See also Glover v. Jackson State Univ.*, 755 So. 2d 395, 399 (Miss. 2000) (holding that issue preclusion prohibits relitigation of an issue "actually litigated, determined by, and essential to the judgment in the former action.").

Plaintiff responds to this point by challenging the holding in *Vaughn v. Sharp* and the underlying chancery court ruling. Plaintiff claims that "if their (sic) was a court proceeding," the decision is invalid because it was based on false testimony, failed to join necessary parties, and because his ancestors were prevented from testifying. Even if Plaintiff could support these assertions with competent evidence, this Court lacks jurisdiction to conduct appellate review of

9

state court decisions. *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (discussing the *Rooker-Feldman* doctrine, which provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts") (citations omitted); *cf.* 28 U.S.C. § 1257 (2006) (stating that decisions of the highest court of a state may be reviewed by the Supreme Court of the United States). The time to appeal *Vaughn v. Sharp* to the United States Supreme Court passed several decades ago, and this Court has no authority to revisit the conduct of the trial or the decision of the Mississippi Supreme Court.

In addition to the preclusive effect of *Vaughn v. Sharp*, Plaintiff has not otherwise established his right to the property. In actions to confirm title and cancel clouds therefrom, "the complainant must set forth in plain and concise language the deraignment of his title." Miss. Code Ann. § 11-17-35 (2004). "A mere statement therein that complainant is the real owner of the land shall be insufficient, unless good and valid reason be given." *Id.* While deraignment is a pleading rule that generally does not result in dismissal, Plaintiff offers neither a deraignment nor competent record evidence establishing his title to the property. In this sense, the facts track *Williams v. King*, where the Mississippi Court of Appeals held that the plaintiff failed to prove title because he offered "neither a deraignment of title nor other sufficient evidence to establish title or ownership that would be necessary to prove claims for adverse possession, prescriptive easement or to remove a cloud on title." 860 So. 2d 847, 850 (Miss. Ct. App. 2003).

Finally, Plaintiff's claims face a significant statute of limitations problem that he never adequately addresses in response to Defendants' motions. "The primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time." *Harrison Enters. v. Trilogy Commc'ns*, 818 So. 2d 1088, 1095 (Miss. 2002). In addition, statutory

limitations on the time for bringing suit prevent the "assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time." *Id.* (citing *Miss. Dep't of Pub. Safety v. Stringer*, 748 So. 2d 662, 665 (Miss. 1999)).

In an action to recover land, the aggrieved party must bring the action "within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims." Miss. Code Ann. § 15-1-7. In this instance, Plaintiff claims that his ancestors were told at the conclusion of the Jasper County proceedings that they lost their claim to the property. Assuming the claim somehow survived preclusion, it was apparent as of that date, or at least as of 1975, when the Mississippi Supreme Court affirmed the chancellor's ruling that the Lees had no interest in the Section 33 property. Any attempt to recover title to the property is time-barred.

Because Plaintiff cannot successfully assert ownership of the Section 33 property, and the time to challenge possession has passed, all claims related to the Section 33 property must fail as a matter of law. Defendants Spooner and Halliburton are entitled to summary judgment on all claims asserted against them.

    2.  *Chevron's Motion to Dismiss for Failure to State a Claim*

Plaintiff alleges that Defendant Chevron, through several of its predecessor corporations, trespassed on the Section 33 property. As discussed above, Plaintiff cannot challenge the ruling of the Mississippi Supreme Court in *Vaughn v. Sharp*, which held that his ancestors had no ownership interest in the Section 33 property. Although the standards for motions under Rules 12(b)(6) and 56(c) differ, Plaintiff's claims related to the Section 33 property fail based on the

11

face of the Complaint.  Plaintiff cannot claim ownership to the Section 33 property, and Defendant Chevron's motion to dismiss should be granted.

        C.        <u>Section 34 and 4 Land - International Paper's Motion for Summary Judgment</u>

Plaintiff asserts that Defendant International Paper converted the land and mineral rights on both the Section 34 and Section 4 properties on February 19, 1963.  International Paper moves for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure.

As with the Section 33 land, Plaintiff offers no deraignment and no competent record evidence capable of confirming title or cancelling clouds therefrom.  *Williams*, 860 So. 2d at 850; Miss. Code Ann. § 11-17-35.  Instead, Plaintiff repeatedly states that his ancestors owned these properties, a claim he supports through two deeds of trust, the most recent of which was signed in 1923.  When viewed as a whole, the record, including those documents provided by Plaintiff, reveals that title to the Section 34 land has been conveyed several times since 1963.  Similarly, Section 4 was conveyed in the 1930's, and again in 1982.  None of the conveyances on either parcel involved Plaintiff or his ancestors.  This unrebutted evidence demonstrates that neither Plaintiff nor his ancestors had valid title to the Section 34 or Section 4 property at any relevant time.

Even if Plaintiff owned the land and could prove the alleged conversion, the claim still fails due to the applicable statutes of limitation.  In Mississippi, tort claims must be brought within three years of their accrual, unless state law provides otherwise.  *See* Miss. Code Ann. § 15-1-49(1).  The cause of action does not accrue, however, until the plaintiff discovers or by reasonable diligence should have discovered the injury.  *Id.* § 15-1-49(2).  There are "no special trespass, conversion or unjust enrichment statutes" in Mississippi, so the three-year general tort

statute applies to Plaintiff's claims.  *See Johnson v. Kansas City S. Ry. Co.*, 208 F. App'x 292, 296 (5th Cir. 2006).  Finally, for claims based on trespass to trees, the statute of limitations runs two years after accrual of the action.  Miss. Code Ann § 95-5-29.[4]

In this case, Plaintiff's primary claim against International Paper is that it trespassed upon the Section 34 and Section 4 parcels and converted the land and mineral rights to its own use in 1963.  Because he first filed suit in 2005, Plaintiff must demonstrate that he discovered these alleged torts no earlier than 2002.  He offers no such evidence, and the record reflects instead that he first began this quest in 1998, more than three years before he filed suit.

In sum, Plaintiff has not demonstrated ownership of the Section 34 or Section 4 property, and, even if he could, his claims related to these parcels are now time-barred.  Plaintiff's allegations against Defendant International Paper do not raise a genuine issue of material fact sufficient to survive summary judgment.

      C.      <u>Defendants' Motions For Sanctions and Injunctive Relief</u>

Defendants International Paper and Spooner have moved for sanctions and injunctive relief, based on Rule 11, 28 U.S.C. §1927, and the Court's inherent power.  The Court finds that these motions should be denied.  While the Court has broad discretion to impose sanctions, the Court is of the opinion that sanctions are not necessary in the present matter.  This order dismisses all of Plaintiff's claims with respect to the Section 33, 34 and 4 parcels *with prejudice*.  For Plaintiff's benefit, the Court observes that, although Plaintiff has the right to appeal this

---

[4]Based on the ruling in *Stockstill v. Gammill*, 943 So. 2d 35 (Miss. 2006), Plaintiff would likely be able to proceed under the general three year statute of limitations as well.  This distinction is irrelevant because Plaintiff did not file any action until 2005.

order, once this case is finally dismissed, he is precluded from attempting to relitigate these issues in this or any other forum. Defendants' motions are denied.

> D. Plaintiff's Motions

Plaintiff filed three motions; two seek a hearing and the third asks the Court to take judicial notice that a bankruptcy order establishes his right to royalty payments. The Court first denies the requests for a hearing. Even if the Court allowed Plaintiff to plead his case during a hearing, Plaintiff cannot resist these motions based on arguments he might make during a hearing. *TIG Ins. Co.,* 276 F.3d at 759. The Court must base its decision on the record evidence. *Id*. Plaintiff has been given ample opportunity to present record evidence proving ownership, but the record demonstrates instead that Plaintiff's ancestors have held no interest in these properties for decades.

The Court must also deny Plaintiff's request to take judicial notice. Federal Rule of Evidence 201(b) allows the Court to judicially notice a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In this case, the Court has thoroughly reviewed the bankruptcy order upon which Plaintiff relies, but the order does not appear to support Plaintiff's characterization or his claim to royalty payments.

**III. Conclusion**

The Court, having considered Plaintiff's and Defendants' motions, finds that Defendants International Paper Co., Spooner Petroleum Co., and Halliburton's motions for summary judgment are well taken and should be granted. Additionally, Defendant Chevron's motions to

dismiss are granted with prejudice.  Defendants International Paper Co. and Spooner Petroleum Co.'s motions for sanctions and injunctive relief are denied.  Finally, the Court denies Plaintiff's motions for hearing and motion to take judicial notice.  A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

      **SO ORDERED AND ADJUDGED** this the 3th day of September, 2008.

                                                  s/ *Daniel P. Jordan III*
                                                  UNITED STATES DISTRICT JUDGE