UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES EDWARD LEE                                                    PLAINTIFF

V.                                            CIVIL ACTION NO. 3:07-cv-224-DPJ-FKB

HALEY BARBOUR, GOVERNOR, ET AL.                                    DEFENDANTS

ORDER

This land dispute is before the Court on the following motions:  Plaintiff James Edward

Lee's Motion for Relief from Judgment [130]; Plaintiff's Motion for Summary Judgment [131];

Plaintiff's Motion to Speak [135]; Defendant Spooner Petroleum Company's Third Motion for

Sanctions and Injunctive Relief [142]; Plaintiff's Motion for Leave to File Bill of Review [150];

Plaintiff's Motion to Set Aside or Vacate Judgment or Order [151]; Plaintiff's Motion for Relief

[152]; Plaintiff's Motion for Leave to File Amended Complaint [156]; and Plaintiff's

Supplemental Motion for Leave to File Amended Complaint [157].  Having fully considered the

premises, the Court finds that Lee is not entitled to relief and that Defendants are entitled to

sanctions.

I.       Facts/Procedural History

Lee believes he is the rightful heir to three petroleum producing tracks in Jasper County,

Mississippi.  The property has been identified in this litigation as Sections 4, 33 and 34.  Lee has

long contended that various entities–both public and private–have wrongfully occupied and

profited from the properties.  The fundamental problem with Lee's claims is that his family lost

whatever rights they may have had to these tracks decades ago.  Despite several adverse

adjudications on the merits, Lee continues to file *pro se* pleadings in an effort to regain

ownership interest.

Lee's initial efforts to pursue these claims began in state court against the Mississippi State Oil & Gas Board, the Secretary of State, the "Tax Collector," and the "State Auditor."  Ex. "A" to Def.'s Mot. for Sanctions [100].  That suit was dismissed without prejudice.  *Id*. at Ex. C. Although the case had been dismissed–with Lee's consent–he filed an Amended Complaint, one year later in April 2006 adding International Paper Company ("IP"), Spooner Petroleum Company ("Spooner"), and others as defendants.  *Id*. at Ex. "D."  That action was removed to the United States District Court for the Southern District of Mississippi and was dismissed without prejudice on June 9, 2006, for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Lee v. State Attorney Gen*., No. 3:06cv239 2006 WL, 1674305 at *1 (S.D. Miss. June 9, 2006).  Even though the case was closed, Lee continued to file frivolous motions, prompting two warnings from United States District Court Judge William Barbour.

On April 24, 2007, Lee filed this case seeking the same relief against the same defendants plus a few new parties.  Based on oral argument in September 2007, the Court dismissed certain governmental defendants, ordered Lee to amend his complaint, and denied dispositive motions filed by private defendants including Spooner and IP.  One year later, the Court entered judgment dismissing Spooner, IP, and other remaining defendants.  The claims related to Section 33 were dismissed based on res judicata and the expiration of the statute of limitations. The Section 4 and 34 claims were dismissed because Plaintiff offered no competent record evidence proving title after 1923 and because the claims were time barred.

Although it appeared that Lee's claims were without merit due in part to procedural bars, the Court denied Defendants' motions for sanctions.  But given Plaintiff's history of filing frivolous motions after dismissal, the Court noted: "For Plaintiff's benefit, the Court observes

that, although Plaintiff has the right to appeal this order, once this case is finally dismissed, he is precluded from attempting to relitigate these issues in this or any other forum." *Lee v. Barbour*, No. 3:07cv224, 2008 WL, 9187356 at *7 (S.D. Miss. Sept. 3, 2008).[1]

The Court's concern regarding post-dismissal filings materialized when Lee filed two motions for rehearing which were denied in February 2009.  Order [129].  The Court again denied Defendants' requests for sanctions, but noted "that granting the request for sanctions would have clearly been within the Court's discretion."  *Id*. at 3.  Although the Court was lenient given Plaintiff's *pro se* status, Lee was counseled that "he may well subject himself to monetary sanctions if Defendants are again forced to respond to motions that are not well taken under the law."  *Id*.

Despite this warning, Plaintiff launched a new wave of motions one year later beginning in February 2010.  *See* Doc. Entries 130, 131, 135, 150, 151, and 152.   All six of the new motions raise essentially the same points and seek relief from judgment.  The Court was ultimately forced to order Lee to cease filing the repetitive motions and to seek leave from the magistrate judge before any additional filings.  Order [153].  Lee's motions are now ripe for consideration as are the renewed motions for sanctions filed by Spooner and IP.  Def.'s Mot. [142]; Def.'s Joinder [144].

---

[1]In an apparent effort to circumvent the dismissal of his original case, Plaintiff filed a separate action against Patty Ishee, the Jasper County Tax Assessor, and Barbara Ravenhorst, the Jasper County Chancery Clerk, claiming that "they are custodians of [his] land records" and that they fraudulently told him the records were destroyed and failed to produce records.  This Court found the case to be without merit as did the Fifth Circuit Court of Appeals. *Lee v. Ishee*, No. 10-60058, 2010 WL 2546130, at *2 (5th Cir. June 24, 2010) ("Even liberally construing Lee's briefing, we find no merit in any of his conclusory arguments and affirm for essentially the reasons stated by the district court.").

II.     Analysis

    A.      Lee's Motions for Relief from Judgment

The eight pending motions all relate to Lee's request for relief from a 2008 judgment.
Because it is too late to seek relief under Rule 59, Lee presents his requests under Rule 60(b).
More precisely, Lee relies on subparagraphs (1), (2) and (3) of Rule 60(b), which state as
follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion
> and just terms, the court may relieve a party or its legal representative from a final
> judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence,
> > could not have been discovered in time to move for a new trial
> > under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic),
> > misrepresentation, or misconduct by an opposing party . . . ."

Lee never provides a cogent explanation of the mistake or excusable neglect that would
justify relief under Rule 60(b)(1).  Skipping to Rule 60(b)(3), Lee alleges fraud by Defendants.
But his allegations are conclusory and generally relate to fraud he believes was committed when
the land was allegedly taken.  Many of these arguments were raised before judgment was entered
and provide no basis for relief.  Lee also points to fraud by various nonparties over the last half
century, but that conduct would not trigger Rule 60(b)(3).  Thus, Lee has not substantiated a
basis for relief under Rule 60(b)(3).

Rule 60(b)(2)–allowing relief based on newly discovered evidence–requires a closer
look.  Lee contends that newly discovered land assessment records from 1930–1931 demonstrate
his ancestors' ownership interest in Section 33.  Lee bears the burden of establishing "that 'with

reasonable diligence' this evidence could not have been discovered sooner." *Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010).  Lee fails to meet this burden and the motion is denied on this basis.

Even if Lee could demonstrate that the evidence was not previously available, the records do not support relief from judgment.  First, *assuming* the evidence could establish an interest as late as 1931, the Mississippi Supreme Court's 1975 ruling in *Vaughn v. Sharp* extinguished the Lee family's interest in the property.  321 So. 2d (Miss. 1975) (unpublished opinion).  Lee claims that his new evidence voids *Vaughn*, but this Court lacks jurisdiction to reopen *Vaugh* and reverse a state court decision rendered 35 years ago.[2]  Second, the newly discovered evidence would not make the claim timely–the statute of limitations regarding the Section 33 claim expired decades ago.  While the evidence may be newly discovered, the cause of action is not. Finally, Lee does reference Sections 4 and 34 in his motions, but his arguments have been raised before, and he fails to state an adequate basis under Rule 60(b) to revisit the ruling as to any of the properties.

B.      Defendants' Motions for Sanctions

Lee proceeds without the benefit of legal counsel or training.  For this reason, the Court has rejected all previous requests for sanctions.  The Court tried, however, to explain that sanctions were appropriate and that Lee could not continue filing meritless pleadings.  Those warnings were ignored, and it now appears that no matter how many warnings Lee receives, he will continue to pursue these defendants.  The Court had hoped to avoid this result but now

---

[2]Lee argues that the United States Supreme Court has jurisdiction to reverse a state supreme court.  Pl.'s Mot. [135] ¶5.  Lee is correct, but this Court is not vested with that same jurisdiction–even assuming the time for review had not passed.

concludes that sanctions must be imposed.  Lee is sanctioned $400 to be split equally between IP and Spooner.  The funds shall be delivered within 30 days to counsel for those parties.  The Court acknowledges that this amount is more symbolic than substantive.

III.     Conclusion

The Court finds that Plaintiff's Motion for Relief from Judgment [130]; Plaintiff's Motion for Summary Judgment [131]; Plaintiff's Motion to Speak [135]; Plaintiff's Motion for Leave to File Bill of Review [150]; Plaintiff's Motion to Set Aside or Vacate Judgment or Order [151]; Plaintiff's Motion for Relief [152]; Plaintiff's Motion for Leave to File Amended Complaint [156]; and Plaintiff's Supplemental Motion for Leave to File Amended Complaint [157] are denied and Defendants' motions for sanctions [142, 144] are granted.

Lee has the right to appeal this order to the Fifth Circuit Court of Appeals without leave of this Court.  But to further protect Defendants from incurring additional expenses, Lee is ordered to seek leave from the magistrate judge before filing any additional pleadings in this court regarding this civil action or the Defendants named in this matter.

**SO ORDERED AND ADJUDGED** this the 1st day of October, 2010.

s/ *Daniel P. Jordan III*____
UNITED STATES DISTRICT JUDGE